**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA N. NASRALLAH, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | (Removed from the Court of Common |
| v. | ) | Pleas, Cuyahoga County, Ohio, |
| | ) | Civil Case No. CV16873048) |
| LAKEFRONT LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | **ELECTRONICALLY FILED** |

### DEFENDANT LAKEFRONT LINES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Lakefront Lines, Inc.

("Lakefront Lines") hereby removes to this Court the state court civil action styled as *Tamara N.*

*Nasrallah v. Lakefront Lines, Inc.*, Case No. CV16873048, Court of Common Pleas, Cuyahoga

County, Ohio (the "State Court Action").  In support of its Notice of Removal, Lakefront Lines

states as follows:

### THE COMPLAINT

**I.      Plaintiff's Complaint, Which She Served on Lakefront Lines on December 13, 2016, Alleges Violations of Federal and State Wage and Hour Laws.**

1.      On December 12, 2016, Plaintiff Tamara Nasrallah ("Plaintiff") commenced the

State Court Action by filing her Complaint in the Court of Common Pleas, Cuyahoga County,

Ohio.

2.      Plaintiff served her Complaint on Lakefront Lines on December 13, 2016.

3.      Plaintiff's Complaint alleges that Lakefront Lines failed to pay her overtime she

was entitled to as a nonexempt employee, and as a result, Lakefront Lines violated the federal

Fair Labor Standards Act ("FLSA"), *see* Compl. ¶¶ 3, 7-12; and Ohio's Minimum Fair Wage

Standards Act ("OMFWSA"), *see* Compl. ¶¶ 3, 13-18.

<u>**BASIS FOR JURISDICTION**</u>

**II.** **This Court Has Federal Question Jurisdiction Over Plaintiff's Federal Law Claim and Supplemental Jurisdiction Over Plaintiff's State Law Claim.**

4.      This Court can exercise jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and

the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because there

exists (i) federal question jurisdiction over Plaintiff's FLSA claim (Count I), and (ii)

supplemental jurisdiction over Plaintiff's OMFWSA claim (Count II).

5.      Federal question jurisdiction exists when a claim arises under a federal law. *See*

28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States."). Count I of Plaintiff's Complaint

alleges that Lakefront Lines violated the FLSA, a federal wage and hour statute that applies to

private employers. *See* 29 U.S.C. § 201 *et seq.* Therefore, Count I of the Complaint presents

this Court with a federal question. *See Jackson v. Kellermeyer Bldg. Servs., LLC*, No.

5:12CV211, 2012 WL 3732796, at \*2 (N.D. Ohio Aug. 27, 2012) ("This Court has original

jurisdiction over plaintiffs' claim under the FLSA, as this claim arises under federal law.").

6.      Supplemental jurisdiction exists over non-federal claims when (i) an action

contains a claim that presents a federal question, and (ii) the non-federal claim is "so related to

claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Count II

of Plaintiff's Complaint alleges that Lakefront Lines violated the OMFWSA, which is Ohio's

state analogue to the federal FLSA. *See* Ohio Rev. Code § 4111 *et seq.* This non-federal claim

alleging violations of Ohio's wage and hour statute arises from the same set of alleged facts, and

is nearly identical to, Plaintiff's FLSA claim.  Therefore, Count II of the Complaint presents this Court with a non-federal claim over which it can properly exercise supplemental jurisdiction. *See Jackson*, 2012 WL 3732796, at *3 (exercising supplemental jurisdiction over claim under the OMFWSA because "[p]laintiffs' claims under the Ohio Minimum Wage Act [] and the FLSA clearly derive from a common nucleus of operative facts. . . . These claims are virtually identical to plaintiffs' federal claims for unpaid wages and overtime; whether plaintiffs were not compensated for all hours worked or were entitled to recover overtime pay is an issue that must be resolved for both the FLSA claims and the state law wage claims.").

7.      Because this Court can exercise federal question jurisdiction over Plaintiff's FLSA claim (Count I) and supplemental jurisdiction over Plaintiff's OMFWSA claim (Count II), this Court has subject matter jurisdiction over the entire State Court Action.  *See id.* (denying plaintiffs' remand motion when the complaint alleged wage and hour claims under the FLSA and OMFWSA, as well as "state law claims of racial and disability discrimination [], wrongful discharge in violation of public policy [], negligent supervision and training [], and invasion of privacy/false light").

## REMOVAL PROCEDURE

**III.    Lakefront Lines Has Satisfied All the Statutory Prerequisites for Timely Removing the State Court Action.**

8.      Plaintiff filed her Complaint on December 12, 2016, and served it on Lakefront Lines one day later on December 13, 2016.

9.      Lakefront Lines has filed this Notice of Removal within thirty (30) days of its receipt of the Complaint and as such, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

10.    Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all process, pleadings, and other papers in Lakefront Lines' possession are attached as Exhibit "A".

11.    The State Court Action is properly removed to this Court, which is the United States District Court for the district within which the State Court Action is pending. *See* 28 U.S.C. §§ 1441 and 1446.

12.    Pursuant to 28 U.S.C. § 1446(d), Lakefront Lines is contemporaneously filing a written notice of the filing of this Notice of Removal, along with a copy of this Notice of Removal and exhibits, with the Court of Common Pleas, Cuyahoga County, Ohio.  A true and accurate copy of Lakefront Lines' Notice of Filing Notice of Removal filed with the Cuyahoga County Court of Common Pleas is attached as Exhibit "B".

13.    Lakefront Lines is filing, contemporaneously herewith, the Company's Corporate Disclosure Statement in compliance with Fed. R. Civ. P. 7.1. and N.D. Ohio Loc. Civ. R. 3.13.

14.    By filing this Notice of Removal in lieu of an answer in the State Court Action, Lakefront Lines does not waive any defenses that may be available.

WHEREFORE, Lakefront Lines hereby removes the State Court Action to the United States District Court for the Northern District of Ohio, Eastern Division, where it shall proceed as an original action commended therein.

Respectfully submitted,

*/s/ Josephine S. Floyd*

Josephine S. Floyd (0078410)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216)241-2824
Email: jfloyd@hahnlaw.com

David J. Garraux (PA Bar No. 204350)
*\*Pro hac vice application being filed
contemporaneously*
**FOX ROTHSCHILD LLP**
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Phone: (412)-394-6585
Fax: (412)-391-6984
Email: dgarraux@foxrothschild.com

*Attorneys for Defendant Lakefront Lines, Inc.*

Dated:  January 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify that, on January 10, 2017, service of a true and complete copy of the foregoing *Defendant Lakefront Lines, Inc.'s Notice of Removal* was made upon the following counsel of record through the Court's electronic filing system and by depositing same in the United States Mail in an envelope properly addressed to counsel and with sufficient first-class postage affixed:

David M. Benson
Benson Law Firm
The Hanna Building
1442 Euclid Avenue, Suite 970
Cleveland, OH 44115
david@davidbensonlaw.com

*Counsel for Plaintiff*

/s/ *Josephine S. Floyd*
Josephine S. Floyd

Dated:  January 10, 2017